## ALICE WALL et al.

### v.

## MATTIE E. STAPLETON.

*Opinion filed December 21, 1898.*

1. PRACTICE—*taking additional evidence after master has reported.*
Where a master has heard evidence and reported his conclusions,
and the court wishes additional evidence taken, it is proper prac-
tice to re-refer the cause to the master to hear and report on the
additional evidence.

2. SAME—*when hearing evidence in open court is not reversible error.*
Hearing additional testimony in open court on the coming in of a
master's report is not reversible error, where the decree entered is
right on the evidence taken by the master and in accordance with
the master's recommendation.

3. APPEALS AND ERRORS—*error must be palpable to authorize reversal
of decree on facts.* Findings of fact by the chancellor upon evidence,
part of which is heard in open court, will not be disturbed by the
Supreme Court unless there is clear and palpable error.

4. CONTRACTS—*what is sufficient consideration for note and mortgage.*
A release from husband to wife of his entire interest in her prop-
erty and of his right to administer her estate, in order to secure
the property to her free from his claims, the parties being about
to separate, is sufficient consideration for a note and mortgage
executed by her for the amount agreed upon as representing the
husband's interest.

*Wall* v. *Stapleton*, 72 Ill. App. 614, affirmed.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on writ of error to the Cir-
cuit Court of McLean county; the Hon. ALFRED SAMPLE,
Judge, presiding.

PEIRCE & PEIRCE, for plaintiffs in error.

WILLIAMS & CAPEN, for defendant in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the
court:

This was a bill in chancery filed by Mattie E. Staple-
ton, against Alice Wall and others, to foreclose a mort-
gage on certain lands in McLean county, Illinois.   The

mortgage was dated February 20, 1895, and was given to John O'Connor to secure three notes, one for $2000 and two for $100 each, the mortgage and notes being signed by Alice Wall and Michael Wall, her husband. Subsequently the notes, by assignment, came to the ownership of complainant herein. An answer was filed denying that Alice Wall executed the notes and mortgage, or that she owed O'Connor any sum of money whatever, or that there was any consideration for the mortgage and notes, and also alleging that at the time the notes and mortgage in question were executed Alice Wall was *non compos mentis.*

By agreement the cause was referred to a special master to take testimony and report his conclusions thereon of law and fact, and also to make a computation of the amount due on the notes and mortgage. The master reported, finding that Alice Wall, on February 20, 1895,— the date of the execution of said papers,—was competent to contract, and that the consideration for the execution of the said notes and mortgage was a release by Michael Wall, her husband, to Alice Wall, of his entire interest in her property, and finding that the amount due on the notes and mortgage was $2795.65. The master recommended the rendition of a decree for that amount. To this report exceptions were filed by plaintiffs in error, and on hearing of the exceptions the defendant in error was allowed to file an amended and supplemental bill, to which a demurrer was interposed, which being overruled, answers were filed by all the defendants.

The trial court, upon the hearing of the evidence and argument on the exceptions, on his own motion and for his own information, and to better arrive at an equitable adjustment of the matters in controversy, called witnesses in open court and heard their testimony. To this plaintiffs in error objected and took exception. After such hearing the circuit court overruled the exceptions to the master's report and entered an order confirming

the report, and granting a decree in favor of the complainant in the original bill for the sum found by the master to be due.

It appears from the record in this case that plaintiff in error Alice Wall had contracted to purchase a farm in McLean county in 1891, and a bond for deed had been executed running to her husband, Michael Wall, and herself. Domestic difficulties had arisen to such an extent that the husband and wife had separated and he desired to return to New York State to live, leaving her and his children on the farm. The weight of the testimony shows she had taken advice of counsel as to the best means and method of protecting her interest, and of securing to herself the land for which she held bond for deed and on which considerable money had been paid. The evidence further shows that as a result of negotiations and conferences the parties interested met at the office of a firm of solicitors in Bloomington on the day of the execution of these papers. At that time all interest in the bond for a deed was assigned to plaintiff in error Alice Wall, and a deed was executed and delivered to her for the land. To make payment of the amount due the owner, a first mortgage of $7000 was given to Parker Bros., which mortgage was also signed by the husband. In addition to this, the husband and wife joined in a chattel mortgage to Parker Bros. covering all their personal property. At the same time and place the notes and mortgage in question were executed there were also executed two releases from the husband, Michael Wall, to plaintiff in error Alice Wall, conveying and releasing to her all his right, title and interest in the lands and personal property, and also his right to administer upon her estate or any interest therein after her death. These were both intended to be signed by Michael Wall, but by inadvertence one of them was signed on the back of the instrument instead of on the body of the page. This one, irregular in form, was given to the plaintiff in error Alice Wall, but afterwards, when

the mistake was discovered, the attorney having the possession of the one properly signed offered to turn it over to her, and it was brought into court in this proceeding and tendered to her. Before the commencement of these foreclosure proceedings the plaintiff in error Alice Wall had paid one of the $100 notes.

Under the above evidence there was a sufficient consideration for the execution of the notes and mortgage. It was an agreement entered into between the parties, and we think, as the evidence shows, fully explained to, if not clearly understood by, plaintiff in error Alice Wall. She had able counsel and acted under their advice. No imposition was practiced upon her, and she was apparently in no manner dissatisfied with the adjustment of these affairs until this proceeding was brought.

On the question as to whether or not plaintiff in error Alice Wall was, at the time of the execution of these notes and mortgage, mentally capable of transacting ordinary business there is but little evidence to show the contrary. A number of witnesses of respectability and apparently worthy of credit, who were present on the day this transaction was closed and the papers signed, and who assisted in the transaction, have testified to her sanity and that nothing to the contrary suggested itself at that time. There is evidence showing that when the subject of her domestic matters was suggested and she was permitted to talk about her troubles with her husband she became greatly excited and displayed considerable degree of temper. Other evidence goes to the effect that her health at that time was not good, and some witnesses express the opinion that she was not mentally capable of transacting business. The weight of the testimony, however, is that she was.

It is insisted it was error for the chancellor to hear additional evidence in open court after the coming in of the master's report. It has been frequently held that where a case is referred to a master to take testimony

and state his conclusions, it then becomes necessary that all the evidence shall be heard before the master, as he could not state his conclusions on only a part of the evidence. Where a reference is made to a master to hear evidence and state conclusions, and in the judgment of the chancellor it is necessary that further evidence be considered, it is the proper practice to again refer the cause to the master, with directions to take further testimony on the particular points on which the chancellor desires to have further evidence. The chancellor in this case required the defendant in error to introduce certain testimony as additional evidence in open court, after the coming in of the master's report. This evidence was merely of a cumulative character, and did not in any manner change the conclusion reached as the result of the master's report, for the decree entered by the chancellor was the same as that recommended by the master before the coming in of this evidence. When the court required the defendant in error to introduce this testimony he did not deprive the plaintiffs in error of any right to introduce evidence to rebut it, and the evidence thus introduced, being merely cumulative, is not cause for a reversal, inasmuch as the decree was clearly right on the evidence before the master, aside from this additional cumulative evidence.

Defendant in error acquired these notes and mortgage in good faith by endorsement, and, so far as the record shows, paid full value for them in the purchase. We have found that plaintiff in error Alice Wall executed them for a valuable consideration, and at a time when she was fully informed and capable of transacting the business in which she was concerned. The chancellor heard at least part of the evidence in open court, and in such case it must appear that there is clear and palpable error before this court will reverse. *Coari* v. *Olsen*, 91 Ill. 273; *Johnson* v. *Johnson*, 125 id. 510; *Rackley* v. *Rackley*, 151 id. 332; *Ellis* v. *Ward*, 137 id. 509.

The Appellate Court for the Third District, on appeal, has affirmed the decree of the circuit court. A careful examination of the entire case furnishes us no reason to disturb that judgment. The judgment of the Appellate Court for the Third District is affirmed.

*Judgment affirmed.*